IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

Case No. 11-10047-CIV/MOORE/SIMONTON

KENNETH SULLIVAN, et al.,

      Plaintiffs,

v.

RICK SCOTT, et al.

      Defendants.

_____/

## ORDER DISMISSING CASE FOR LACK OF STANDING AND RIPENESS CONSIDERATIONS

THIS CAUSE came before the Court upon Defendants' Motion to Dismiss (ECF No. 15); Plaintiffs' Response in Opposition to the Motion to Dismiss (ECF No. 20); Defendants' Reply to Plaintiffs' Response (ECF No. 21); Defendant Kurt Browning's Notice of Pre-Clearance and Suggestion of Mootness (ECF No. 23); and Plaintiffs' Response to Notice of Administrative Pre-Clearance (ECF No. 24).

UPON CONSIDERATION of the Motion, the Response, the Reply, the Notices, the pertinent portions of the record, and being otherwise fully-advised in the premises of the case, the Court enters the following Order.

Plaintiffs filed the Complaint in this case on June 3, 2011 (ECF No. 1) seeking Declaratory and Injunctive Relief against Kurt Browning, in his official capacity as Florida Secretary of State, and Rick Scott, in his official capacity as Governor of the State of Florida. Plaintiffs allege that Defendants violated section 5 of the Voting Rights Act of 1965, 42 U.S.C.

§ 1973c (section 5), by failing to obtain preclearance before implementing changes in voting standards, practices, and procedures contained in Chapter 2011-40, Laws of Florida (the "Act" or "HB 1355"). Section 5 covers five counties in Florida: Collier, Hardee, Hendry, Hillsborough and Monroe. See 28 C.F.R. Part 51, Appendix. It requires that any change in voting law with respect to these counties be subjected to preclearance through either submission to the United States Attorney General or to the United States District Court for the District of Columbia. Plaintiffs seek injunctive relief, preventing Defendants from enforcing or implementing the Act before preclearance is obtained.

As an initial matter, Secretary of State Browning filed a notice apprising the Court that preclearance has been obtained with respect to 76 sections of the Act. Secretary of State Browning has elected to seek preclearance of the final four sections of the Act through a declaratory judgment action filed in the United States District Court for the District of Columbia, in accordance with section 5. See 42 U.S.C. § 1973c(a).

Article III of the Constitution limits the jurisdiction of federal courts to live "cases and controversies." U.S. Const. Art. III, § 2. The rule that federal courts may not decide moot cases derives from this jurisdictional limitation. Sierra Club v. EPA, 315 F.3d 1295, 1299 (11th Cir. 2002) (citing Al Najjar v. Ashcroft, 273 F.3d 1330, 1335 (11th Cir. 2001)). "If events that occur subsequent to the filing of a lawsuit or an appeal deprive the court of the ability to give meaningful relief, then the case is moot and must be dismissed." Id. (quoting Al Najjar, 273 F.3d at 1336). Here, there is no longer a justiciable case or controversy with respect to the 76 sections that have been precleared.

With regard to the four remaining sections that have been submitted for preclearance,

2

Plaintiffs lack standing to bring this action.  To establish standing under Article III, a plaintiff must show (1) he has suffered an injury in fact that is (a) concrete and particularized and (b) actual or imminent; (2) there is a causal connection between the injury and the conduct complained of; and (3) that it is likely, not speculative, that the injury will be redressed by a favorable decision.  Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-61 (1992).  The Court cannot locate in the pleadings any harm or any threat of actual or imminent harm as required for constitutional standing.  Plaintiffs claim that harm exists because the League of Women Voters has announced it is ceasing voter registration because of the Act; however, this is self-imposed conduct and does not stem from Defendants' alleged implementation of the Act.

Second, the actions taken by Browning and others in anticipation of the Act's effectiveness do not suggest "imminent harm."  Plaintiffs claim they are harmed because a directive has been distributed for uniform implementation and interpretation of the law; the Florida Division of Elections issued a memo to the Supervisors of Elections in all Florida Counties summarizing the provisions of the Act; the Florida Division of Elections issued Emergency Rules Regulating Third-Party Voter Registration Organizations; Collier County posted a link on its website to the Third-Party Rules; and Hillsborough County posted a link on its website to the Act itself.  These are permissible actions by the State that do not show any intent to enforce the sections that have not been precleared in the counties covered by section 5. The State is allowed to prepare for legislation that has been passed and implemented in non-covered counties.  Tellingly, in the Preclearance Submission filled out by the State, it certifies that the changes have not been enforced or administered in the five covered counties. Preclearance Submission at (k) (ECF 15-3).  Furthermore, the Hillsborough County website

3

states: "Since Hillsborough County is a preclearance county, the law will not go into effect until it is reviewed and approved by the Department of Justice." <u>See</u> http://votehillsborough.org.

Moreover, this case does not appear to be ripe for consideration. Ripeness often overlaps with standing, "most notably in the shared requirement that the injury be imminent rather than conjectural or hypothetical." <u>Mississippi State Democratic Party v. Barbour</u>, 529 F.3d 538 (5th Cir. 2008) (citation and quotation marks omitted). Preclearance is required before actually administering a change. <u>Lopez v. Monterey County</u>, 525 U.S. 266, 279 (1999). The Court sees no "administration" here, merely preparatory acts with respect to the covered counties. Presently, Plaintiffs are fabricating a threat of imminent harm. If the record indicated either actual enforcement or an intent to enforce without preclearance, this issue would be ripe for adjudication. Instead, the laws remain unimplemented and unenforced in the covered counties and the remaining sections have been submitted to the United States District Court for the District of Columbia.

For the foregoing reasons, it is hereby

ORDERED AND ADJUDGED that Plaintiffs' Complaint For Declaratory and Injunctive Relief is DISMISSED WITHOUT PREJUDICE for mootness, lack of standing, and because it is not ripe for adjudication. This case is CLOSED. All pending motions are DENIED AS MOOT.[1]

---

[1] The Court need not address Plaintiffs' request for a three judge panel, because it may dismiss a case without appointing a three judge panel when it is not adjudicated on the merits. 28 U.S.C. § 2284.

Case No. 11-10047-CIV/MOORE/SIMONTON

DONE AND ORDERED in Chambers at Miami, Florida, this /8th day of October, 2011.

K. MICHAEL MOORE
UNITED STATES DISTRICT JUDGE

cc:     All counsel of record